**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**STEVEN CRUMP,**

      **Plaintiff,**

      v.                                     **CASE NO.  24-3089-JWL**

**VITAL CORE HEALTH SRATEGIES,**
**LLC, et al.,**

      **Defendants.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Plaintiff Steven Crump is hereby required to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges in his Complaint that Vital Core Health Strategies, LLC ("VCHS"), the medical provider for the JCADC, has a policy of denying chronic care and adequate medication for pretrial detainees.  (Doc. 4, at 1.)  Plaintiff alleges that although he was originally prescribed Flexeral [sic] for chronic pain, VCHS has a policy of denying narcotic pain medication for pretrial inmates.  *Id*. at 2.  Plaintiff alleges that he was only given Ibuprofen, Tylenol, and Naproxen for pain.  *Id*.  Plaintiff alleges that he was "talked into" taking "blood pressure medication" for pain.  *Id*.  Plaintiff alleges that Defendants were aware that of extreme side

effects, but did not inform Plaintiff of the side effects of this medication.  *Id.*   Plaintiff alleges that he "had a heart attack due to this."  *Id.* at 3.

As Count I, Plaintiff claims deliberate indifference based on VCHS's policy.  *Id.* at 4. Plaintiff alleges that he was taking Flexeral [sic] while suffering from "a separated spine, scoliosis, neuritis and a spine degenerative disease."  *Id.*  He claims that he was left in severe suffering when he was only provided over-the-counter medication and "blood pressure meds that almost killed [him]."  *Id.*

As Count II, Plaintiff claims a 14th Amendment violation based on "inadequate health care and denial of proper meds. to chronic care pretrial inmates."  *Id.*  Plaintiff also asserts the following Counts: Count III – negligent medical care; Count IV – negligent training and supervision; Count V – intentional, negligent infliction of emotional distress; Count VI – gross negligence; Count VII – cruel and unusual punishment, unnecessary suffering; and Count VIII – supervisor liability.  *Id.* at 4–5.

Plaintiff names as defendants:  VCHS; J. Ehrlich, Vice President, VCHS; Calvin Hayden, Johnson County Sheriff; (fnu) (lnu) (1), Health Head Administrator at VCHS; (fnu) Stanton, doctor at VCHS; and Becky (lnu), Supervisor at VCHS.  Plaintiff seeks compensatory and punitive damages.  *Id.* at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round

out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Court has conducted the required screening and concludes that this matter is subject to dismissal as duplicative and for failure to comply with the Federal Rules of Civil Procedure. Because Plaintiff's original complaint was not on a court-approved form, the Court directed Plaintiff to resubmit his complaint on the proper form. Plaintiff submitted his Complaint (Doc. 4) on the court-approved form, but attached multiple pages from his original complaint as "Background" for his complaint. *See* Doc. 4 at 7–27.

Although Plaintiff used the required, court-approved form, he has not complied with the directions on the form. For example, the second page of the form provides space for a plaintiff

to "[b]riefly state the background of [his or her] case." (*See* Doc. 4, p. 2.)  The third page of the form provides spaces for a plaintiff to set forth Counts I and II of their "Cause of Action."  *Id.* at 4.  For each count, there is a designated space to identify the "constitutional rights, privileges or immunities" the plaintiff believes were violated and a separate designated space to set out the facts that support the claimed violation. *Id.*  At the top of this page, it says "Cause of Action . . . I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations. (If necessary you may attach up to two additional pages . . . to explain any allegation or to list additional supporting facts.)" *Id.*  Additionally, in the subsection labeled "[s]upporting facts," plaintiffs are directed to "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument." *Id.*

Despite these instructions, Plaintiff identifies eight Counts in the spaces set aside for Counts I, II and III.  *Id.* at 4–5.  He does not distinctly identify the violation and supporting facts for each of his eight claims.  Instead, he has included his 21-page "Background" section. Despite marking on his Complaint that he has not begun any "other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of [his] confinement," Plaintiff has filed multiple actions in this Court.[1] *Id.* at 5.  His "Background" section includes various arguments and claims that are included in other actions, and he fails to indicate what claims, if any, from this section that he is seeking to include in this action.  The

---

[1] At this time, Plaintiff has nine pro se § 1983 actions—including this one—pending before this Court, all of which were initiated within the last 3-month period.  *See Crump v. Unified Govt. of Johnson Cty.*, Case No. 24-3036-JWL (filed Mar. 13, 2024); *Crump v. Summit Co.*, Case No. 24-3044-JWL (filed Mar. 25, 2024); *Crump v. Johnson Cty. Bd. of Comm'rs*, Case No. 24-3046-JWL (filed Mar. 28, 2024); *Crump v. (lnu)*, Case No. 24-3063-JWL (filed May 10, 2024); *Crump v. Clemens*, Case No. 24-3076-JWL (filed May 16, 2024); *Crump v. Johnson Cty. Bd. of Comm'rs.*, Case No. 24-3082-JWL (filed May 24, 2024); *Crump v. Vital Core Health Strategies, LLC*, Case No. 24-3089-JWL (filed June 5, 2024); *Crump v. Vital Core Health Strategies, LLC*, Case No. 24-cv-3090-JWL (filed June 5, 2024); and *Crump v. Vital Core Health Strategies, LLC*, Case No. 24-cv-3098-JWL (filed June 14, 2024).

Court will give Plaintiff an opportunity to file an amended complaint that clarifies his claims and cures the deficiencies set forth herein.

### 1. Rule 8

In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Plaintiff's Complaint fails to comply with this rule.

"It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).   "A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief." *Newton v. City of Atchison, Kansas*, 2024 WL 2272565, at *4 (D. Kan. May 20, 2024) (citing *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989)).  "These purposes are thwarted when a complaint is unnecessarily long and includes a 'a morass of irrelevancies.'"  *Id*. (citing *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017)).

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano Cty.*, 195 F. App'x 728, 730 (10th Cir. 2006) (unpublished)

(affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case").  Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth his claims in this matter.

### 2. Duplicate Claims

Plaintiff should refrain from including claims in his amended complaint that he has already raised in previous cases pending before this Court.  To the extent that Plaintiff raises duplicative claims, they will be subject to dismissal without further prior notice to Plaintiff.  The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

The first of Plaintiff's now-pending actions—Case No. 24-3036-JWL—includes claims regarding his medical care at the JCADC, including the treatment (or lack of treatment) he receives for his spinal injury.  *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL, 2024 WL 1557538 (D. Kan. April 10, 2024).  Even more specifically, Plaintiff alleges that he was given "extreme amounts of [pain] medication" and that he was given just enough pain medication to make it out of his cell for food and Medical, but the rest of the time he lay on the soiled, hard mattress in excruciating pain." *Id.* at *1.

Then, when Plaintiff filed Case No. 24-3063-JWL, he raised in that action a claim that "he has not been provided with adequate medical care at JCADC because his leg began to stink of decay and rot, he was not provided a second mattress for his dislocated spine, and for five months he was denied a wheelchair, cane, handicap shower . . . back brace, proper diet, vitamins or pain medication appropriate for severe nerve damage and dislocated spine and ankle." *See Crump v. (LNU)*, Case No. 24-3063-JWL, 2024 WL 2321084, *2  (D. Kan. May 22, 2024). Plaintiff also alleged in that case "that he has suffered two heart attacks due to the 'experimental' blood thinners prescribed to him by medical." *Id.*  In a Memorandum and Order entered in that case, the Court found that:

> Although Plaintiff also alleges that he has not received adequate medical care for his injuries, he has already filed a case regarding his medical care and it remains pending. *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL. The Court ordered a *Martinez* Report regarding Plaintiff's claims in that case. *See id.* at Doc. 7. Therefore, these same claims in the current case are subject to dismissal as duplicative.

*Crump*, 2024 WL 2321084, at *4.

Undeterred, Plaintiff has presented in this case his claims of inadequate medical care at the JCADC, including claims regarding his pain medication. It appears that the "blood pressure" medication he refers to in his instant case is the same medication he referred to as "blood thinners" in Case No. 24-3063.  As already explained to Plaintiff, he is not permitted to seek relief in different lawsuits against the same defendants based on the same claims.  A *Martinez* report was ordered and received in case number 24-3036-JWL, and all claims of inadequate medical care at the JCADC related to Plaintiff's back injury and his treatment for that condition should be brought in case number 24-3036-JWL.

Plaintiff should seek to join claims and parties in case number 24-3036-JWL as required

and as allowed by the Federal Rules of Civil Procedure, including Rules 15, 18, and 20.

Rule 20 governs permissive joinder of parties and pertinently provides:

(2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:
>       (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>       (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant.  Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Rule 15 addresses supplemental pleadings and provides that:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the

pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

If Plaintiff wishes to file an amended complaint and assert non-duplicative claims in this matter, he must utilize the required court-approved form to file a complete amended complaint. *See* Fed. R. Civ. P. 15. The Court requires the use of the form so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. Put another way, the court-approved form helps the Court to identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the current Complaint, so Plaintiff must submit a complete amended complaint.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3089-JWL) at the top of the first page of

the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 23, 2024,** in which to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 23, 2024**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated June 21, 2024, in Kansas City, Kansas.**

**S/  James P. O'Hara**
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**