IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

     **Plaintiff,**

     v.                                                  CASE NO. 24-3089-JWL

VITAL CORE HEALTH SRATEGIES,
LLC, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 21, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies. Plaintiff has filed an Amended Complaint (Doc. 8) and a Motion to Join Claims (Doc. 9).

In the MOSC, the Court found that Plaintiff's Complaint was subject to dismissal as duplicative and for failure to comply with the Federal Rules of Civil Procedure. The Court found that Plaintiff failed to comply with Fed. R. Civ. P. 8, and that he included "various arguments and claims that are included in other actions." (Doc. 7, at 5.)

The Court noted in the MOSC that Plaintiff asserts claims of inadequate medical care at JCADC, including claims regarding his pain medication. *Id*. at 8. The Court cautioned Plaintiff

to refrain from including claims in his amended complaint that he has already raised in cases currently pending before this Court. *Id*. at 7. The Court noted that :

> The first of Plaintiff's now-pending actions—Case No. 24-3036-JWL—includes claims regarding his medical care at the JCADC, including the treatment (or lack of treatment) he receives for his spinal injury. *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL, 2024 WL 1557538 (D. Kan. April 10, 2024). Even more specifically, Plaintiff alleges that he was given "extreme amounts of [pain] medication" and that he was given just enough pain medication to make it out of his cell for food and Medical, but the rest of the time he lay on the soiled, hard mattress in excruciating pain." *Id*. at *1.
>
> Then, when Plaintiff filed Case No. 24-3063-JWL, he raised in that action a claim that "he has not been provided with adequate medical care at JCADC because his leg began to stink of decay and rot, he was not provided a second mattress for his dislocated spine, and for five months he was denied a wheelchair, cane, handicap shower . . . back brace, proper diet, vitamins or pain medication appropriate for severe nerve damage and dislocated spine and ankle." *See Crump v. (LNU)*, Case No. 24-3063-JWL, 2024 WL 2321084, *2 (D. Kan. May 22, 2024). Plaintiff also alleged in that case "that he has suffered two heart attacks due to the 'experimental' blood thinners prescribed to him by medical." *Id*.

(Doc. 7, at 7–8.)

The Court found that "Plaintiff should seek to join claims and parties in case number 24-3036-JWL as required and as allowed by the Federal rules of Civil Procedure, including Rules 15, 18, and 20." *Id*. at 8–9. The Court stated in the MOSC that "[i]f Plaintiff wishes to file an amended complaint and assert non-duplicative claims in this matter, he must utilize the required court-approved form to file a complete amended complaint." *Id*. at 10.

Plaintiff has now filed an Amended Complaint (Doc. 8) and a Motion to Join Claims (Doc. 9). In his Amended Complaint, Plaintiff continues to assert claims regarding his pain medication at the JCADC. (Doc. 8, at 2–6.) Plaintiff has also filed a Motion to Join Claims in

this case, as well as in Case Nos. 24-3036-JWL and 24-3098-JWL. This Court ruled on the motion in Case No. 24-3036-JWL as follows:

> Plaintiff seeks to join the claims he brought in Case Nos. 24-CV-3089-JWL and Case No. 24-CV-3098-JWL with his claims in this action. The Court in those cases, as well as in Case No. 24-CV-3076, found that some or all of Plaintiff's claims were duplicative of his claims here and stated that "all claims of inadequate medical care at the JCADC related to Plaintiff's back injury and his treatment for that condition should be brought in case number 24-3036-JWL." *See Crump v. Vital Core Health Strategies, LLC, et al.*, Case No. 24-CV-3089-JWL, Doc. 7, at 8; *Crump v. Vital Core Health Strategies, LLC, et al.*, Case No. 24-CV-3098-JWL, Doc. 4, at 7; *Crump v. Clemens, et al.*, Case No. 24-CV-3076-JWL, Doc. 6, at 6.
>
> Therefore, Plaintiff's motion is granted. He is directed to include all of his claims of inadequate medical care at the JCADC in any amended complaint he may file in this action.

*Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL, Doc. 36, at 15–16 (D. Kan. July 16, 2024). The Court then granted Plaintiff until August 16, 2024, in which to file a complete and proper amended complaint in Case No. 24-3036-JWL. *Id.* at 16.

The Court will grant Plaintiff's motion to join claims to the extent that he seeks to include all of his claims of inadequate medical care at the JCADA in any amended complaint that he may file in Case No. 24-3036-JWL. The Court will not dismiss this case until Plaintiff has filed his amended complaint in Case No. 24-3036-JWL.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Join Claims (Doc. 9) is **granted** to the extent that he seeks to include all of his claims of inadequate medical care at the JCADA in any amended complaint that he may file in Case No. 24-3036-JWL. The Court will not dismiss this case until Plaintiff has filed his amended complaint in Case No. 24-3036-JWL.

**IT IS SO ORDERED**.

**Dated July 18, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
